

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EMR | *271 Cadman Plaza East* |
| F. #2018R00240 | *Brooklyn, New York 11201* |

October 19, 2020

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Hakmet Othman
                   Criminal Docket No. 18-98 (PKC)

Dear Judge Chen:

        The government respectfully submits this letter in anticipation of the defendant's sentencing, scheduled for October 26, 2020 at 2:00 p.m. On August 21, 2019, the defendant pleaded guilty pursuant to a plea agreement to Count One of a two-count indictment, charging receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2).

        For the reasons stated below, the government respectfully submits that the Court impose a meaningful term of imprisonment between 97 and 121 months' imprisonment, the Guidelines range estimated in the plea agreement.

        I.    Background

        The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR"), to which the government has no objection.

        The defendant was arrested on January 30, 2018, following an investigation by the Federal Bureau of Investigation ("FBI") into an individual who was sharing child pornography using a peer-to-peer BitTorrent network. The individual, who was using an internet protocol (IP) address registered to the defendant's address, used BitTorrent to share child pornography files between October 14, 2017 and January 26, 2018. During that time, an undercover FBI agent used a BitTorrent application to download 5,000 files containing child pornography from that same individual. Those included the following files:

    a. **0yo-g-07-01.jpg** is an image of an infant being vaginally penetrated by an adult male penis.

    b. **20050601083743r.jpg** is an image of an approximately 1 year old female being orally penetrated by an adult male penis.

    c. **2yrbaby6.jpg** is an image of an approximately 2 year old female being anally penetrated by an adult male penis.

    d. **mvs-863f.jpg** is an image of an approximately 4 year old female being anally penetrated by an adult male penis.

    e. **bdsm 03 bondage girl hmm judyan man pthc sound vaginal.jpg** is an image of a frame by frame video of an approximately 7 year old female with her hands and legs tied to the bed being vaginally penetrated by an adult male penis.

    f. **AdryBlowjob2 (1). MTS.jpg** is an image of a frame by frame video of an approximately 7 year old female performing oral sex on an adult male.

On January 30, 2018, FBI agents executed a search warrant, issued on January 29, 2018, by Magistrate Judge James Orenstein, at the defendant's residence. The defendant was not present at his residence when the warrant was executed, but FBI agents located him at his workplace that same day. After being advised of and waiving his Miranda rights, the defendant agreed to speak with the agents and admitted to viewing and downloading "tons of" child pornography files using peer-to-peer file sharing programs.

A review of the electronic devices recovered from the defendant's home, which the defendant identified as his, revealed at least 15,000 images of child pornography, at least 160 videos of child pornography, and thousands of files of child erotica. The majority of the child pornography files, several of which are described in the PSR, featured prepubescent girls between the ages of four and ten. Many of the images appeared to have been on the defendant's computer for ten years or more. A review of the defendant's devices also revealed that the defendant used search terms such as "daughter paying daddy's debt," "daddy and daughter massage fuck," and "daughter molested."

On February 22, 2018, a grand jury in the Eastern District of New York voted to indict the defendant on one count of receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). On August 21, 2019, the defendant pleaded guilty before Your Honor to Count One of the indictment, receipt of child pornography, pursuant to a plea agreement.

II. <u>Guidelines Calculation</u>

The Probation Department calculated the defendant's applicable Guidelines range as follows:

| | | |
|---|---|---:|
| Base Offense Level (§ 2G2.2(a)(2)) | | 22 |
| Plus: | Material Involves a Prepubescent Minor (§ 2G2.2(b)(2)) | +2 |
| Plus: | Images Involved Infants and Children Being Penetrated, and Material that Portrays Sadistic or Masochistic Conduct or Other Depictions of Violence (§§ 2G2.2(b)(4)(A) and (B)) | +4 |
| Plus: | Use of Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: | Offense Involved 15,000 or More Images (§ 2G2.2(b)(7)(D)) | +5 |
| Less: | Acceptance of Responsibility | -3 |
| Total: | | <u>32</u> |

Because the defendant's Criminal History Category is I, the applicable United States Sentencing Guidelines ("Guidelines") as calculated by the Probation Department is 121 to 151 months imprisonment. In the plea agreement, the government included an additional two-point reduction pursuant to § 2G2.2(b)(1), because the defendant's conduct involved receipt of child pornography but neither trafficking nor distribution. As a result, the guidelines range calculated in the plea agreement was 97 to 121 months imprisonment.

III. <u>Appropriate Sentence</u>

The government respectfully requests that the Court impose a sentence within the Guidelines range calculated in the plea agreement. The nature of the offense to which the defendant has pleaded guilty, the need for deterrence, and the defendant's history and characteristics all warrant a significant term of imprisonment in this case. <u>See</u> 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B).

Child pornography crimes represent the continuing victimization of the children depicted in these images, which are in essence, crime scene images. Possession of videos and images of abuse, alone, fosters a market for more abuse. <u>See, e.g.</u>, <u>United States v. Gouse</u>, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a

3

market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)). "Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," New York v. Ferber, 458 U.S. 747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, Osborne v. Ohio, 495 U.S. 103, 110 (1990).

      Here, the defendant received and possessed more than 15,000 child pornography images and more than 160 child pornography videos over a period of ten years, including images and videos which depicted the rape of young, prepubescent children. The abuse depicted in these files was not borderline, and the defendant was not an ignorant or passive consumer of child pornography. Instead, the evidence shows that the defendant used graphic search terms to locate "daddy and daughter" themed child pornography, which is particularly troubling in light of the fact that the defendant has six children of his own. The defendant also took efforts to hide his activities by deleting files.

      In light of the of all of these factors, the Guidelines range calculated in the Plea Agreement is not excessive in light of the conduct at issue in this case, and is not greater than necessary to accomplish the goals of sentencing. Instead, a sentence within that range is a just sentence would reflect the seriousness of the defendant's conduct and provide adequate deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

IV.    Conclusion

For the foregoing reasons, the government respectfully submits that a sentence of 97 to 121 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:   /s/ Erin Reid
Erin Reid
Assistant U.S. Attorney
(718) 254-6361

cc:   Clerk of the Court (NGG) (by ECF)
      Leo Duval, Esq. (by ECF)
      Jennifer Fisher, Probation Department (by email)